UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY TILLEY,                                    Case No. 1:14-cv-421

      Plaintiff,                              Dlott, J.
                                                Bowman, M.J.
  v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Mary Tilly filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Plaintiff presents a single claim of error, which the Defendant disputes. Because it is supported by substantial evidence in the administrative record, the undersigned recommends that the Commissioner's decision be AFFIRMED.

**I. Summary of Administrative Record**

On February 28, 2011, Plaintiff filed an application for Supplemental Security Income ("SSI) alleging a disability onset date of December 25, 2001, due to physical impairments. (Tr. 161-66). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On December 14, 2012, ALJ Vincent Misenti held an evidentiary hearing, by video, at which Plaintiff appeared with counsel. The ALJ heard testimony from Plaintiff, and an impartial vocational expert. On January 17, 2013, the ALJ denied Plaintiff's application in a written decision. (Tr. 10-25). Plaintiff now seeks judicial review of the denial of her application for benefits.

1

Plaintiff was forty-eight years old at the time of the hearing. (Tr. 37). She completed school through the eleventh grade. (Tr. 23). Plaintiff has past relevant work as a dog groomer. Plaintiff testified that she could not work due to headaches, numbness in her leg constantly, pain in her joints, her shoulders, her hands, her knees, her ankles, her hips, her back, her neck and muscle spasms constantly. (Tr. 40). She stated that she attributed the pain she experienced to osteoporosis, which her doctors had diagnosed. (Tr. 41).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis and COPD." (Tr. 15). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform less than the full range of sedentary work with the following limitations:

> She is limited to occasional postural tasks such as balancing, kneeling, crouching, and climbing stairs and ramps. She can never crawl or climb ladders, ropes or scaffolds. She is limited to work with only occasional handling, fingering, feeling, and manipulating with her upper extremities. Her work must also avoid all hazards such as, dangerous moving machinery and unprotected heights. Her work must avoid concentrated exposure to fumes, gases, dusts, odors, and poor ventilation.

(Tr. 17). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, and RFC, the ALJ determined that while Plaintiff is unable to perform her past relevant work, other jobs exist in significant number she can perform, including such jobs as final assembler, bench worker, and surveillance system monitor. (Tr. 24). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff raise a single error, asserting that the ALJ's step-five analysis is not supported by substantial evidence. Upon close analysis, I conclude that Plaintiff's assignment of error is not well-taken

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

3

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for either DIB or SSI, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

## B.  The ALJ's Decision is supported by Substantial Evidence

Plaintiff contends that reversible error occurred in this case when the ALJ made a decision denying benefits, purportedly based on VE testimony. In this regard, Plaintiff notes that the ALJ denied benefits based on a finding that there were a significant number of jobs that existed in the national economy that she could perform given the RFC he found. (Tr. 23).  The ALJ cited *three jobs* (and the total number of those three jobs) and stated that his decision was based on the testimony of the VE. (Tr. 24).

4

However, the VE testified that there was only *one job* that an individual could perform given the RFC that the ALJ found, and that was the job of surveillance system monitor, of which there are only 3,500 jobs regionally and 79,000 nationally. (Tr. 63). Plaintiff contends that this error requires reversal. Plaintiff's contention is not well-taken.

At the administrative hearing, the vocational expert testified that if she were to assume an individual of the same age, education, and work experience as Tilley who could perform light work which was eroded by the limitations of occasional climbing of ramps and stairs; never climbing ladders and scaffolds; occasionally balancing, stooping, kneeling, crouching, and crawling; never working in or around unprotected heights; and occasionally working in or around moving mechanical parts, operating a motor vehicle, humidity and wetness, atmospheric conditions, weather, extreme cold and extreme heat, that individual could not perform Tilley's past work as a dog groomer. (Tr. 61-62). The VE stated that the above individual could perform the jobs of hand packager, or small products assembler, both of which are light, unskilled jobs. (Tr. 62).

The VE testified that if the above described individual were limited to sedentary work, but with all of the same erosions, the individual could perform jobs of final assembler and bench worker, both of which are sedentary, unskilled jobs. (Tr. 63). The VE testified that if in addition to the restrictions stated in the first and second hypothetical questions, the individual also had the occasional ability to perform bilateral handling, fingering, and feeling, the individual could only perform a significantly reduced range of sedentary jobs. (Tr. 63). The VE stated that only one job would be performable, that of a surveillance system monitor which is sedentary and unskilled. (Tr. 63). She stated that there were 3,500 of such jobs in the region (defined earlier as West Virginia, Kentucky and Ohio) and 79,000 in the nation. (Tr. 63-64).

In his decision, based on Plaintiff's RFC and the vocational expert testimony, the ALJ identified three jobs plaintiff could perform; final assembler, bench worker, and surveillance system monitor.  However, as detailed above, the vocational expert only identified one job Plaintiff could perform that incorporated all of the limitations listed in plaintiff's RFC.  Notably, in response to his hypothetical question that included limitations to Plaintiff's upper extremities, the VE identified the occupation of surveillance system monitor as an example of jobs that someone like Plaintiff could perform. (Tr. 69).

The undersigned finds that the ALJ's oversight amounts to harmless error.  *See Shinseki v. Sanders,* 129 S. Ct. 1696, 1706 (2009) (the burden of showing that an error is harmful falls on the party attacking the agency's determination).  The ultimate issue is whether the ALJ identified a significant number of jobs existing in the economy that Plaintiff, with her vocational background and RFC, could perform.   The VE's testimony that Plaintiff could perform one job, surveillance system monitor, which meant that there were at least 79,000 jobs that she could still perform in the national economy and 3,500 regionally. (Tr. 63; Doc. 8 at 9-10). This figure represents a significant number of jobs. *See, e.g., Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) (finding one occupation representing 2000 jobs sufficient); *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 375 (6th Cir. 2006) ("870 jobs can constitute a significant number in the geographic region."); *Lewis v. Sec'y of Health & Human Servs.*, No. 94-1807 (6th Cir. Mar. 22, 1995) (citing *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (500 jobs in region is a significant number)); *Nash v. Sec'y of Health & Human Servs.*, No. 94-5376, 1995 WL 363381, at **3 (6th Cir. June 15, 1995) (70,000 jobs in the national economy is a

significant number); *Hall v. Bowen*, 837 F.2d 272, 273, 275–76 (6th Cir. 1988) (1,350 jobs is a significant number of jobs in Dayton area and national economy).

Thus, the VE testimony provides substantial evidence to support the ALJ's finding that Plaintiff could perform work in the national economy. See *Smith v. Comm'r of Soc. Sec.*, No. 94-4259, 1995 WL 469724, at *1 (6th Cir. Aug. 8, 1995) (VE's responses to hypothetical questions not relied on by ALJ are nonetheless substantial evidence in support of the Commissioner's "ultimate conclusion."). Therefore, for the reasons stated above, Plaintiff's assignment of error should be overruled.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                 */s Stephanie K. Bowman*
                                 Stephanie K. Bowman
                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY TILLEY,

    Plaintiff,

  v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:14-cv-421

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8